IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20402
Summary Calendar
_____


JUDY BLANDO, Individually, and as
Representative and Administrator of the
Estate of Troy Blando-Deceased and as
next friend for Daniel Blando a minor child;
DANIEL BLANDO, a minor; DELLA BLANDO,

                                        Plaintiffs-Appellants,

versus

LESTER TYRA, Etc.; ET AL,

                                        Defendants,

CITY OF HOUSTON, TEXAS,

                                        Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1680
--------------------
December 16, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Judy and Della Blando appeal the dismissal of their 42
U.S.C. § 1983 claims against the City of Houston, Texas, pursuant
to FED. R. CIV. P. 12(b)(6).  This court conducts a de novo review
of a Rule 12(b)(6) dismissal for failure to state a claim.  <u>Roark</u>

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Humana, Inc., 307 F.3d 298, 313 (5th Cir. 2002). All well-pleaded factual allegations in the complaint are accepted as true, and the complaint is construed in the light most favorable to the plaintiffs. Herrmann Holdings, Ltd. v. Lucent Technologies, Inc., 302 F.3d 552, 557 (5th Cir. 2002).

The Blandos argue that a state-created danger deprived Officer Troy Blando of his constitutional right to life. This court has not expressly adopted nor expressly rejected the state-created-danger theory of recovery under 42 U.S.C. § 1983. Morin v. Moore, 309 F.3d 316, 321 (5th Cir. 2002); see also McClendon v. City of Columbia, 305 F.3d 314, passim, (5th Cir. 2002)(en banc).

The Blandos' claims were properly dismissed even were this court to adopt the state-created-danger theory. For a plaintiff to prevail under the state-created-danger theory, the plaintiff must show that 1) the environment created by a state actor was dangerous, 2) the state actor knew of the danger, and 3) the state actor used his authority to create an opportunity that otherwise would not have existed for a third-party's crime to occur. Randolph v. Cervantes, 130 F.3d 727, 731 (5th Cir. 1997). The Blandos failed to show that the environment created by the City of Houston was dangerous. See Salas v. Carpenter, 980 F.2d at 306-07, 310. Officer Blando was fatally wounded by a gunshot wound inflicted by a third party. The Due Process Clause of the Fourteenth Amendment does not generally require the government to

protect its citizens against the acts of private actors. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). Thus, the plaintiffs did not allege a constitutional violation for which 42 U.S.C. § 1983 permits recovery.

The Blandos argue that the City of Houston is liable for Officer Blando's death. Generally, municipal liability requires proof of 1) a policymaker, 2) an official policy or custom, and 3) a violation of constitutional rights whose moving force is the policy or custom. Delano-Pyle v. Victoria County, Tex., 302 F.3d 567, 574 (5th Cir. 2002). Because the plaintiffs failed to allege the violation of constitutional rights cognizable in an action under 42 U.S.C. § 1983, the City of Houston was properly dismissed by the district court. The judgment of the district court is AFFIRMED.